HARRIS, J.,
delivered the opinion of the Court.
The defendant in error brought his action on the case against the plaintiffs in error in the Circuit Court of Davidson county, for an alleged breach of their undertaking as common carriers to convey the plaintiff and his family from the city of Nashville to the city of Memphis. The defendants pleaded non assumpsit, upon which an issue was joined, and submitted to a jury, who found for the plaintiff, and assessed his damages at two hundred dollars, for which judgment was rendered, and defendants moved for a new trial, which was refused, and they have appealed in error to this Court.
It appears from the proof, as disclosed by the bill of exceptions, that the defendants were the proprietors of a line of stage-coaches from the city of Nashville to Waynesboro’. Sims & Co. owned the line from Waynes-boro’ to La Grange, where it connects with the Memphis & Charleston Railroad, which runs to the city of Memphis. That, by an arrangement between these three parties, it was agreed that passengers might pay the whole fare at either end of the line, and receive a through ticket. There is no proof to show* that the arrangement was known to the plaintiff. The plaintiff paid defendants forty-five dollars, the usual price for three tickets, for himself, his wife, and servant, through from the city of *206 Nashville to the city of Memphis. The plaintiff and family proceeded to Waynesboro’ in the coaches of the defendants, where he was informed by the agent of Sims & Oo. that he could not receive him nor his family as passengers to La Grange, nor would he agree to take them the next trip, if there should be as many as six or seven passengers coming down from Nashville. The defendants were the owners of another stage line, from Waynesboro’ to Jackson, and their agent received eighteen dollars from the plaintiff for the fare of himself and family to that place, where he was sick and detained two or three days on expenses, and then paid thirty-four dollars for a private conveyance to Somerville, from which place he proceeded to Memphis, by paying his fare on the railroad.
The Court charged the jury that if the plaintiff was aware of the agreement between the defendants and the proprietors of the other line, then the defendants would not be amenable for the fault of Sims & Co., if they were not to blame themselves. On the other hand, if the plaintiff was unaware of such arrangement, and suffered delay and sickness or paid out money from not being able to proceed in the Waynesboro’ and La Grange stages, he would be entitled to recover.
We think there is no error in this record for which the judgment should be reversed. The charge of the Court is perhaps erroneous, but that error is in favor of the plaintiffs in error, and of course furnishes no ground for reversal here. We think that when the defendants in the Court below received the plaintiff’s money and gave him through tickets, they thereby became bound for his transportation on the entire line, unavoidable *207 accidents, suck as no prudent foresight could have provided against, excepted; and that he was entitled to a strict performance by the defendants of their undertaking, or to reeover compensation in damages for any breach thereof. That the arrangement between the defendants and the proprietors of other portions of the line was a matter with which the plaintiff had nothing was no party to that agreement, nor was look to any person for the performance of Undertaking but themselves. If either part ment was guilty of a breach, that was a m^ ment between themselves. By this arranger prietors at each end of the line were authorized to ^receive the fare and give through tickets, to show that they had undertaken and received pay for the transportation of the passenger over the entire line, and the proprietors of the other portions of the line were their agents, whom they trusted to perform that part of their contract which lay on the portions of the line owned by them.
If this view of the subject be correct, and we think it is, then it was wholly immaterial whether the plaintiff knew of this arrangement or not. If the defendants, when they sold plaintiff the tickets, intended that he should risk the proprietors of the other portions of the line to carry him through, then they should have so stipulated and informed him frankly of this arrangement, so that he might, with a full knowledge of the facts, have elected whether he would pay them the entire fare and take through tickets, or pay them only for that portion of the line of which they were the proprietors, and make his own arrangements for the balance of the journey. They assumed, however, to carry him through, and are *208 responsible for tbe undertaking. The amount of damages in this case constitutes no ground for reversing the judgment. If the number of passengers who were in the habit of coming down in the Nashville coaches was greater than Sims & Co. had facilities to carry on in their stages to La Grange, then they were bound at their peril as common carriers, and by their agreement, to provide a sufficient number for that purpose.
It is no slight inconvenience to a passenger to be stopped and detained on the road, and they should have provided against such contingency. But to aggravate the case, when Sims & Go. refused to carry the plaintiff and his family through, and he called upon the agent of defendants to carry him on their line to Jackson, he was again forced to pay the sum of eighteen dollars to be carried to that point, although he had already paid to the defendants the full price to be carried to Memphis. It is due to the travelling community that they should be properly protected against such impositions -and delays, and such was the view taken of it by the jury, as we think very properly.
Let the judgment be affirmed.